UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: WHISTLER ENERGY II, LLC

CIVIL ACTION

NO: 18-4202

SECTION: "H"

## ORDER AND REASONS

Before the Court is Baker Hughes Oilfield Operations, LLC's Motion to Withdraw the Reference for Adversary Number 18-01028 (Doc. 1). For the following reasons, the Motion is DENIED.

## BACKGROUND

On March 24, 2016, an involuntary petition for Chapter 11 bankruptcy was filed against Whistler Energy II, LLC ("Whistler Energy"). On January 25, 2017, a plan of reorganization was confirmed. As part of the plan, certain causes of action were transferred and assigned to a litigation trust. Subsequently, the Trustee of the Whistler Energy II, LLC Litigation Trust filed a Complaint against Baker Hughes Oilfield Operations, LLC ("Baker Hughes") in bankruptcy court seeking to avoid and recover an allegedly preferential

transfer made to Baker Hughes by Whistler Energy. Baker Hughes did not submit a proof of claim against the bankruptcy estate. Baker Hughes now asks this Court to withdraw the reference of that adversary proceeding, which the Trustee opposes.

## **LEGAL STANDARD**

This Court's decision in this matter is governed by 28 U.S.C. § 157(d), which provides for both permissive and mandatory withdrawal of the reference. It states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This case presents an issue of permissive withdrawal. Although "cause shown" is not defined by statute, the Fifth Circuit has indicated that the district court should consider the following factors in articulating the foundation for its decision:

> (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the

2

debtor's and creditors' resources, and (d) expediting the bankruptcy process.[1]

This Court will consider these factors.

## LAW AND ANALYSIS

"A proceeding is core under [28 U.S.C. §] 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[2] The parties do not dispute that this action to avoid and recover a preferential transfer is a core proceeding, which weighs against withdrawal of the reference.

Baker Hughes argues, however, that its jury demand entitles it to immediate withdrawal of the reference, as the Bankruptcy Court cannot conduct a jury trial. The Trustee rebuts that withdrawal of the reference on the grounds of a jury demand is premature until the Bankruptcy Court has determined all pretrial matters. Indeed, many courts, including this Court, have found that a motion to withdraw is premature until such time as it is determined that a jury trial *must* be conducted.[3] "Until that time, it may better serve judicial economy . . . for the bankruptcy court to resolve pre-trial matters."[4] "Under the circumstances, the Court need not decide whether a jury trial is proper, but may deny the motion to withdraw the reference until such

---

[1] In re Gulf States Long Term Acute Care of Covington, L.L.C., 455 B.R. 869, 874 (E.D. La. 2011) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998 (5th Cir. 1985)).
[2] Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987).
[3] In re Reed, No. 17-908, 2017 WL 1788295, at *2 (E.D. La. May 5, 2017); In re OCA, Inc., 2006 WL 4029578 at *5 (E.D. La. Sept. 19, 2006); Post Confirmation Bd. of Wadleigh Energy Grp., Inc. v. Wadleigh, 516 B.R. 850, 853 (E.D. La. 2014).
[4] *In re OCA, In*c., 2006 WL 4029578 at *5.

time as it becomes clear that a jury trial, if available, is necessary."[5] Here, the Trustee has indicated an intention to file a dispositive motion in this proceeding, and the deadline to do so is not for another month. It is possible then that a jury trial may not ultimately become necessary and therefore withdrawal at this stage would be premature.

Baker Hughes rebuts that the bankruptcy court should not handle pre-trial motions and reference should be withdrawn immediately because the bankruptcy court lacks the constitutional authority to enter final judgment in this proceeding. In making this argument, Baker Hughes relies on *Stern v. Marshall*, in which the Supreme Court held that even when a bankruptcy court has statutory authority to enter judgment on a core claim, it may lack the constitutional authority to do so when the claim would not necessarily be resolved in the claims allowance process.[6] The Supreme Court later held that these "*Stern* claims" should be treated as non-core claims within the meaning of § 157(c)," that is that the bankruptcy court should "issue proposed findings of fact and conclusions of law," and "[t]he district court will then review the claim de novo and enter judgment."[7]

Courts in this district have held that *Stern* does not constitute cause for the withdrawal of the reference.[8] "[E]ven though the bankruptcy court cannot

---

[5] *Id.* at *5.
[6] Stern v. Marshall, 564 U.S. 462, 487 (2011).
[7] Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2170–173 (2014).
[8] S. Louisiana Ethanol, LLC v. Agrico Sales, Inc., No. 11-3059, 2012 WL 174646, at *3 (E.D. La. Jan. 20, 2012); *Wadleigh*, 516 B.R. at 856 ("Although defendants mention the *Holland* factors, their motion focuses on their request for a jury trial and the inability of the bankruptcy court to enter a final judgment on any *Stern* claims. As discussed above, these considerations alone do not lead the Court to the conclusion that there is good cause to withdraw the reference at this time.").

4

enter a final judgment, that fact alone is not cause because § 157(c)(1) specifically contemplates referral of a non-core matter to a bankruptcy judge who cannot enter a final order."⁹ Accordingly, Baker Hughes has not shown cause for the withdrawal of the reference. This is a core proceeding, a jury trial is not yet certain, and the bankruptcy court has the authority to at a minimum issue a findings of fact and conclusions of law for this Court's review.

Finally, the Court finds that it could benefit from the Bankruptcy Court's considerable expertise in resolving pre-trial motions in this matter. "Indeed, allowing the bankruptcy court time 'to function much like [a] magistrate[ ] to the district court on matters that are merely related to a bankruptcy,' or that are otherwise unable to be finally adjudicated by that court, could considerably expedite the litigation."¹⁰  The Court finds that, in the interests of judicial efficiency, the reference should be maintained at this time.  Once it becomes clear that a jury trial must be conducted, Defendant may re-urge its Motion.

## CONCLUSION

For the foregoing reasons, the Motion to Withdraw the Reference is **DENIED**.

New Orleans, Louisiana this 11th day of October, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

⁹ *S. Louisiana Ethanol, LLC*, 2012 WL 174646, at *3.
¹⁰ *Post Confirmation Bd. of Wadleigh Energy Grp., Inc*, 516 B.R. at 856.