UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: WHISTLER ENERGY II, LLC

CIVIL ACTION

NO: 18-4202

SECTION: "H"

## ORDER AND REASONS

Before the Court is Baker Hughes Oilfield Operations, LLC's Motion for Reconsideration (Doc. 15) and Second Motion to Withdraw the Reference for Adversary Number 18-01028 (Doc. 20). For the following reasons, the Motions are DENIED.

## BACKGROUND

On March 24, 2016, an involuntary petition for Chapter 11 bankruptcy was filed against Whistler Energy II, LLC ("Whistler Energy"). On January 25, 2017, a plan of reorganization was confirmed. As part of the plan, certain causes of action were transferred and assigned to a litigation trust. Subsequently, the Trustee of the Whistler Energy II, LLC Litigation Trust filed a Complaint against Baker Hughes Oilfield Operations, LLC ("Baker Hughes")

in bankruptcy court seeking to avoid and recover an allegedly preferential transfer made to Baker Hughes by Whistler Energy. Baker Hughes did not submit a proof of claim against the bankruptcy estate.

On April 24, 2018, Baker Hughes asked this Court to withdraw the reference of the adversary proceeding. This Court denied its request, holding that this is a core proceeding, a jury trial is not yet certain, and the bankruptcy court has the authority to at a minimum issue a findings of fact and conclusions of law for this Court's review. The Court noted that "[o]nce it becomes clear that a jury trial must be conducted, Defendant may re-urge its Motion."[1] Thereafter, Baker Hughes filed a Motion for Reconsideration of that decision, which the Trustee opposed.

While the Motion for Reconsideration was pending before this Court, the case progressed before the Bankruptcy Court. On November 15, 2018, the Trustee filed a Motion for Summary Judgment, which is currently under advisement before the Bankruptcy Court. On November 28, 2018, the Bankruptcy Court set a hearing on the sole issue of the debtor's insolvency ("Insolvency Hearing"). This hearing is to be held on January 22, 2019 in conjunction with two other preference actions commenced by the Trustee to address the common issue of the debtor's insolvency more efficiently and to prevent the possibility of different outcomes in each case. Briefs and expert reports in connection with the Insolvency Hearing are due to the bankruptcy court on January 8, 2019.

---

[1] Doc. 14.

On December 31, 2018, Baker Hughes filed a Second Motion to Withdraw the Reference and requested expedited consideration. It argues that because the Insolvency Hearing has been set, it is now clear that a jury trial must be conducted and withdrawal of the reference is warranted.

## **LEGAL STANDARD**

This Court's decision in this matter is governed by 28 U.S.C. § 157(d), which provides for both permissive and mandatory withdrawal of the reference. It states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

This case presents an issue of permissive withdrawal. Although "cause shown" is not defined by statute, the Fifth Circuit has indicated that the district court should consider the following factors in articulating the foundation for its decision:

> (1) whether the matter at issue is a core or a non-core proceeding, (2) whether the proceedings involve a jury demand, and (3) whether withdrawal would further the goals of (a) promoting uniformity in bankruptcy administration, (b) reducing forum shopping and confusion, (c) fostering the economical use of the

debtor's and creditors' resources, and (d) expediting the bankruptcy process.[2]

This Court will consider these factors.

## **LAW AND ANALYSIS**

At the outset, the Court notes that nothing in Baker Hughes's Motion for Reconsideration persuades this Court to change its prior opinion or issue a clarification. The Motion does little more than rehash arguments already considered by this Court. Further, many of the arguments made therein are either addressed by or irrelevant to the more recently filed Second Motion for Withdrawal of the Reference. For those reasons, the Motion for Reconsideration is denied.

In its Second Motion to Withdraw the Reference, Baker Hughes argues that withdrawal of the reference is warranted because it has a right to a jury trial and a trial is now certain in light of the Bankruptcy Court's setting of the Insolvency Hearing. The Trustee, however, raises several oppositions to withdrawal of the reference with which this Court agrees.

First, the Trustee argues that Baker Hughes's actions have resulted in the waiver of its right to a jury trial on the issue of insolvency, assuming it was ever entitled to such. The Trustee points out that in its briefing in the Bankruptcy Court, Baker Hughes has represented on several occasions its intention to participate in the Insolvency Hearing set before the Bankruptcy Court. On November 28, 2018, in its response to the Trustee's Motion for

---

[2] In re Gulf States Long Term Acute Care of Covington, L.L.C., 455 B.R. 869, 874 (E.D. La. 2011) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998 (5th Cir. 1985)).

Summary Judgment, Baker Hughes indicated that it would not be briefing the issue of the debtor's insolvency because such would "be the subject of a trial on January 22, 2019."[3] It further sought to compel discovery in advance of the Insolvency Hearing. Most telling, however, is its failure to move for withdrawal of the reference for more than a month after the Insolvency Hearing was set. Waiver of the right to a jury trial may "be inferred from a party's conduct."[4] Here, Baker Hughes's conduct since the setting of the Insolvency Hearing on November 28, 2018 has indicated its acquiescence to a trial by the bankruptcy court of the debtor's insolvency. Further, it is undisputed that Baker Hughes's right to a jury trial on all other issues before the Bankruptcy Court is not yet certain. Those issues have been briefed and may be resolved by dispositive motion without the need for a jury trial.[5]

More compelling, however, is the judicial inefficiency that would result from withdrawal of the reference at this time. The Bankruptcy Court has set a hearing on the debtor's insolvency to resolve an issue common across three different actions brought by the Trustee. If this Court were to withdraw the reference of this matter, the same trial would be held before this Court and the Bankruptcy Court, resulting in the duplication of resources and the risk of inconsistent verdicts. Such an outcome would be directly counter to the goals of promoting uniformity in the bankruptcy court, conserving the debtors' and creditors' resources, and reducing forum shopping. This Court finds then that

---

[3] Adversary Proceeding, Doc. 60.

[4] McDonald v. Steward, 132 F.3d 225, 229 (5th Cir. 1998).

[5] "Under the circumstances, the Court need not decide whether a jury trial is proper, but may deny the motion to withdraw the reference until such time as it becomes clear that a jury trial, if available, is necessary." In re OCA, Inc., No. 06-3811, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006).

the factors continue to weigh against withdrawal of the reference at this time. Defendant may re-urge its Motion after the Insolvency Hearing and all pre-trial matters have been adjudicated by the Bankruptcy Court.

Finally, Baker Hughes's Motion asks this Court to certify its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For an interlocutory order to be appealable pursuant § 1292(b), three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation."[6] The moving party carries the burden of showing the necessity of interlocutory appeal.[7] Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment."[8] Baker Hughes has not carried its burden to show that an immediate appeal would advance the ultimate termination of this litigation. In fact, an interlocutory appeal would only serve to delay resolution of this matter and would have no effect on the issues remaining to resolve this matter on its merits. Accordingly, the request is denied.

---

[6] 28 U.S.C. § 1292.
[7] Chauvin v. State Farm Mut. Auto. Ins. Co., Nos. 06-7145, 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).
[8] *Id.* (quoting Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68–69 (5th Cir. 1983)).

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED**.

New Orleans, Louisiana this 8th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**