# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

IN RE: WHISTLER ENERGY II, LLC

CIVIL ACTION

NO: 18-4202

SECTION: "H"

## ORDER AND REASONS

Before the Court is Baker Hughes Oilfield Operations, LLC's Third Motion to Withdraw the Reference for Adversary Number 18-01028 (Doc. 27). For the following reasons, the Motion is DENIED.

On March 24, 2016, an involuntary petition for Chapter 11 bankruptcy was filed against Whistler Energy II, LLC ("Whistler Energy"). On January 25, 2017, a plan of reorganization was confirmed. As part of the plan, certain causes of action were transferred and assigned to a litigation trust. Subsequently, the Trustee of the Whistler Energy II, LLC Litigation Trust filed a Complaint against Baker Hughes Oilfield Operations, LLC ("Baker Hughes") in bankruptcy court seeking to avoid and recover an allegedly preferential transfer made to Baker Hughes by Whistler Energy. Baker Hughes did not submit a proof of claim against the bankruptcy estate.

1

On April 24, 2018, Baker Hughes asked this Court to withdraw the reference of the adversary proceeding. This Court denied its request, holding that this is a core proceeding, a jury trial is not yet certain, and the bankruptcy court has the authority to at a minimum issue a findings of fact and conclusions of law for this Court's review. The Court noted that "[o]nce it becomes clear that a jury trial must be conducted, Defendant may re-urge its Motion."[1]

On November 15, 2018, the Trustee filed a Motion for Summary Judgment, which is currently under advisement before the Bankruptcy Court. On November 28, 2018, the Bankruptcy Court set a hearing on the sole issue of the debtor's insolvency ("Insolvency Hearing"). This hearing was to be held in conjunction with two other preference actions commenced by the Trustee to address the common issue of the debtor's insolvency more efficiently and to prevent the possibility of different outcomes in each case.

On December 31, 2018, Baker Hughes filed a Second Motion to Withdraw the Reference before this Court and requested expedited consideration. It argued that because the Insolvency Hearing had been set, it was now clear that a jury trial must be conducted and withdrawal of the reference was warranted. This Court denied the Second Motion to Withdraw the Reference, noting that Baker Hughes's conduct since the setting of the Insolvency Hearing indicated its acquiescence to a trial by the bankruptcy court of the debtor's insolvency.[2] The Court also held that a withdrawal of the reference at that time would result in judicial inefficiency, duplication of resources, and the risk of

---

[1] Doc. 14.
[2] Doc. 26.

inconsistent verdicts.[3] In addition, several of the remaining issues had been briefed before the Bankruptcy Court and may have been resolved without the need for a trial.[4]

Shortly after the Court's denial, the parties to the other preference actions that were set to participate in the Insolvency Hearing withdrew their solvency defenses. The bankruptcy court thereafter canceled the Insolvency Hearing and instead set a bench trial in the Baker Hughes' preference action on all issues not resolved by the Court's order on the Trustee's pending Motion for Summary Judgment.[5] In response, Baker Hughes filed its Third Motion for Withdrawal of the Reference, arguing that withdrawal was now appropriate because pre-trial matters had been resolved and it was clear that a trial would take place.

Just one day later, however, the bankruptcy court cancelled the trial and set deadlines for supplementing the summary judgment briefing with argument regarding the insolvency issue. The bankruptcy court's order mooted many of the arguments asserted in Baker Hughes' Third Motion to Withdraw the Reference.

At this time, all of the issues in this matter have been briefed by the parties and taken under advisement by the bankruptcy court. The bankruptcy court has not yet issued a ruling on the pending Motion for Summary Judgment. Therefore, no trial is set and the necessity of a trial remains uncertain. Considering this, Baker Hughes' Motion for Withdrawal of the

---

[3] *Id.*
[4] *Id.*
[5] Case no. 18-ap-1028, Doc. 90.

3

Reference is denied for the reasons previously stated by this Court in its order denying the First Motion to Withdraw the Reference.[6] Baker Hughes may re-urge its Motion after all pre-trial matters have been adjudicated by the Bankruptcy Court.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 6th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See* Doc. 14.